TRINA A. HIGGINS, United States Attorney (#7349)
RUTH HACKFORD-PEER, Assistant United States Attorney (#15049)
MELINA SHIRALDI, Assistant United States Attorney (#13110)
Attorneys for the United States of America
Office of the United States Attorney | 111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED US District Court-UT
SEP 27 '23 PM01:48

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>VINT WADE,<br>(Counts 1,2,3,4,7,8,9,11,12,13)<br><br>DONNA WADE,<br>(Counts 1,3,4,6,7,8,9,10,11,12,13)<br><br>STEVEN WILLING,<br>(Counts 1,3,4,7)<br><br>and<br><br>JORDAN WILLING,<br>(Counts 1,4,5,7,8,9)<br><br>Defendants. | INDICTMENT<br><br>COUNT 1: CONSPIRACY AGAINST THE UNITED STATES<br>   Vio. of 18 U.S.C § 371<br><br>COUNTS 2-4: PALEONTOLOGICAL RESOURCES PRESERVATION ACT<br>   Vio. of 16 U.S.C. § 470aaa-5(a)<br><br>COUNTS 5-6: FALSE LABELING OFFENSE UNDER PALEONTOLOGICAL RESOURCES PRESERVATION ACT<br>   Vio. of 16 U.S.C. § 470aaa-5(b)<br><br>COUNT 7: THEFT OF PROPERTY OF THE UNITED STATES<br>   Vio. of 18 U.S.C. § 641<br><br>COUNT 8: ATTEMPTED SMUGGLING GOODS FROM THE UNITED STATES<br>   Vio. of 18 U.S.C. § 554<br><br>COUNT 9: FALSE EXPORT INFORMATION<br>   Vio. of 13 U.S.C. § 305<br><br>COUNT 10: FALSE DECLARATION<br>   Vio. of 18 U.S.C. § 1001<br><br>COUNTS 11-13: MONEY LAUNDERING<br>   Vio. of 18 U.S.C. § 1957 |

Case: 4:23-cr-00077
Assigned To : Nuffer, David
Assign. Date : 9/26/2023

The Grand Jury charges that:

## *The Parties*

1.      VINT and DONNA WADE (hereinafter "V. WADE" and "D. WADE" respectively) are owners of Wade's Wood and Rocks a/k/a Wade's Rocks, are residents of Moab, Utah, and are collectors of dinosaur bones.

2.      JORDAN WILLING (hereinafter "J. WILLING") is an Oregon resident. He is the CEO and a registered agent of JMW Sales Inc. doing business as Blue Marble (hereinafter "JMW Sales") in the state of Oregon which is a consumer products companies that "foster exploration through play, learning, and the outdoors." J. WILLING is associated with various DBAs, subsidiaries, and variations of JMW Sales. He is also associated with a foreign corporation, which assists with trafficking dinosaur bones into China.

3.      STEVEN WILLING (hereinafter "S. WILLING") is an executive and registered agent of JMW Sales and is a resident of California. S. WILLING is the father of J. WILLING.

4.      Unindicted coconspirator number 1 and unindicted coconspirator number 2 are individual collectors of dinosaur bones who excavated, removed, transported, and sold paleontological resources collected from Federal lands in violation of Federal law to V. WADE and D. WADE (collectively "the WADEs").

## *The Conspiracy and Its Objects*

5.      The defendants entered into a conspiracy with each other and with others known and unknown to the Grand Jury to purchase and sell paleontological resources in violation of Federal law that had been removed from Federal land in Utah and converted these resources for their own use.

6. The WADEs purchased paleontological resources from known and unknown individuals including unindicted coconspirator number 1 and unindicted coconspirator number 2, who removed the dinosaur bones from Federal land, and, knowing the dinosaur bones came from Federal land, converted some of the dinosaur bones for their own use, and sold some of the dinosaur bones to S. WILLING and J. WILLING (collectively "the WILLINGs") through their company JMW Sales. The parties then exported the dinosaur bones to China, mislabeling the dinosaur bones and vastly deflating their value so government agents would not suspect the shipments contained illegally obtained, sold, and transported paleontological resources, each aiding and abetting the other in the same.

### *Background*

7. At all times relevant to this Indictment, the Bureau of Land Management ("BLM") and the National Park Service were agencies of the United States Department of the Interior.

8. Approximately 71 percent of Utah consists of public lands managed by federal or state agencies.

9. The BLM Moab Field Office manages 1.8 million acres of land including areas that contain a geological formation known as Morrison Formation.

10. Bones, fossils, and other paleontological resources from the Jurassic period are exposed over wide areas of Morrison Formation in southeastern Utah surrounding Moab, Utah primarily on BLM managed lands, including but not limited to areas known as Yellow Cat, Mill Canyon, Lisbon Valley, Blue Hills, Hotel Mesa, East Canyon, and Ray Mesa.

11. Morrison Formation is unique because it is one of the few formations that contains the fossilized remains of plants and dinosaurs including Allosaurus and Stegosaurus. About 95% of Morrison Formation in the state of Utah is located on public lands (state, federal, and tribal).

12. Paleontological resources are preserved in or on the earth's crust due to fossilization. Fossilization is the process by which living tissue becomes mineralized over long periods of time. These paleontological resources are of paleontological interest and provide information about the history of life on earth. The paleontological resources have monetary and scientific value.

### *The Paleontological Resources Preservation Act*

13. In 2009, Congress enacted the Paleontological Resources Preservation Act ("PRPA").

14. PRPA defines "paleontological resource" to mean "any fossilized remains, traces, or imprints of organisms, preserved in or on the earth's crust, that are of paleontological interest and that provide information about the history of life on earth." The definition of paleontological resources is broader than dinosaur bones.

15. PRPA states that a person may not "excavate, remove, damage or otherwise alter or deface or attempt to excavate, remove, damage, or otherwise alter or deface any paleontological resources located on Federal land."

16. PRPA also forbids a person to "exchange, transport, export, receive, or offer to exchange, transport, export, or receive any paleontological resource if the person knew or should have known such resource to have been excavated or removed from Federal land in violation of any provisions, rule, regulation, law, ordinance, or permit in effect under Federal land."

17. Additionally, PRPA prohibits a person to "sell or purchase or offer to sell or purchase any paleontological resource if the person knew or should have known such resource to have been excavated, removed, sold, purchased, exchanged, transported, or received from Federal land."

18.     PRPA defines Federal land as "A) land controlled or administered by the Secretary of the Interior, except Indian land; or B) National Forest System land controlled or administered by the Secretary of Agriculture."

19.     Finally, PRPA also prohibits a person to "make or submit any false record, account, or label for, or any false identification of, any paleontological resource excavated or removed from Federal land."

*Export and Shipping Requirements*

20.     Pursuant to United States law and regulations, exporters, shippers, and freight forwarders are required to file certain forms and declarations concerning exports of goods and technology from the United States. Typically, those documents are filed electronically through the Automated Export System ("AES"), which is administered by the United States Department of Homeland Security ("DHS") Customs and Border Protection ("CBP"), which is headquartered in the Washington D.C..

21.     A Shipper's Export Declaration ("SED") is an official document submitted to DHS in connection with export shipments from the United States. An essential and material part of the SED and AES, as well as other export filings, is information concerning the commodity being exported. The commodity being exported may determine whether the goods can be exported or whether the goods are prohibited from export from the United States.

## COUNT 1
### 18 U.S.C. § 371
### CONSPIRACY AGAINST THE UNITED STATES

22.     All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. At a date unknown to the Grand Jury, but no later than March 2018, and continuing until at least March 2023, within the District of Utah and elsewhere,

5

VINT WADE,<br>
DONNA WADE,<br>
STEVEN WILLING, &<br>
JORDAN WILLING,

defendants herein, did knowingly and intentionally combine, conspire, confederate, and agree with each other, and with others known and unknown to the Grand Jury, including unindicted coconspirator number 1 and coconspirator number 2 to commit an act and acts constituting felony offenses against the United States, to wit: receipt of stolen property of the United States having a value in excess of $1,000, in violation of 18 U.S.C. § 641; and PRPA, to wit: paleontological resources including dinosaur bones in violation of 16 U.S.C § 470aaa-5(a) and aaa-5(b).

### Object, Manner, and Means of the Conspiracy

23.     It was the object of the conspiracy for defendants to sell and purchase, offer to sell and purchase, and transport and export dinosaur bones they knew and should have known came from Federal lands, in violation of the laws of the United States of America.

24.     It was part of said conspiracy that the conspirators would knowingly receive, conceal and retain stolen property of the United States, to wit: paleontological resources including dinosaur bones.

25.     In a typical execution of the conspiracy, the WADEs purchased paleontological resources removed from Federal land by paying cash and checks to known and unknown third parties, including unindicted coconspirator number 1, and unindicted coconspirator number 2. The WADEs paid these third parties to take and carry away paleontological resources from Federal land with intent to convert them, without authority, to their own use and the use of others. The WADEs then stockpiled paleontological resources to sell at gem and mineral shows to national vendors and to sell some of the illegally obtained paleontological resources to the

WILLINGs to ship to China whereby all parties knew or should have known that these paleontological resources were excavated, removed, sold, purchased, exchanged, transported, and received from Federal lands.

26. Throughout the conspiracy the WADEs sold over $1,000,000.00 in paleontological resources to S. WILLING and J. WILLING through their companies. This represents approximately 150,000 pounds of paleontological resources, including dinosaur bone. The dollar amount of damages attributable to the conspiracy includes commercial value of the resource, scientific value of the resource, and the cost of restoration and repair, which exceeds approximately $3,000,000.00.

### Overt Acts

27. During the period of time relevant to the charges in this Indictment, and in furtherance of the conspiracy and to achieve the objects and purposes thereof, at least one conspirator committed and caused to be committed in the District of Utah, and elsewhere, at least one of the following overt acts, among others:

   a. On multiple occasions, unindicted coconspirator number 1 and unindicted coconspirator number 2 sold dinosaur bones removed from Federal lands to V. WADE.

   b. In the spring of 2021 unindicted coconspirator number 1 sold dinosaur bones to V. WADE, which he had collected from Hotel Mesa, which is on Federal land. In so purchasing, V. WADE discussed with unindicted coconspirator number 1, various locations that unindicted coconspirator number 1 had collected the dinosaur bones from, including quarries on Federal land.

c. V. WADE directed unindicted coconspirator number 1 to attempt to collect additional resources from "the boat docks by Cisco," which is on Federal land.

d. On a number of occasions, the WADEs sold and offered to sell dinosaur bones removed from Federal land to the WILLINGs, and on at least four occasions, the parties shipped containers of dinosaur bones to China to make commercial products including dinosaur dig kits and carved figurines.

e. In March 2019, D. WADE, emailed an invoice to JMW Sales for container #1043 to ship dinosaur bones to China from Scottsdale, AZ. ("the March 2019 Shipment"). The description of the contents included jasper and wood, but the true contents were paleontological resources. The shipment was held up in China due to high radiation levels.

f. On or about May 16, 2019, S. WILLING arranged to pay $17,920 by a back channel to a private account without invoice in order to transport the March 2019 Shipment of dinosaur bones into China.

g. In April 2020, the WADEs and the WILLINGs sent another shipment of dinosaur bones to China, mislabeling the shipment as "Industrial Stone", "Landscape Rock", and "Turquoise" ("The April 2020 Shipment") when the true contents were dinosaur bones.

h. In June 2021, S. WILLING contracted with the WADES to purchase the WADEs' current inventory of dinosaur bones, which included 28,000 pounds of dinosaur bones for $1,437,000.00.

i. On July 22, 2021, S. WILLING directed an employee known to the Grand Jury at a foreign corporation connected to the WILLINGS to mislabel dinosaur bones in a July

    2021 shipment as petrified wood and confirmed that the dinosaur bones came from the WADEs.

j. On or about January 7, 2022, S. WILLING sent a wire transfer to the WADEs in the amount of $141,000.00 for the purchase of dinosaur bone.

k. On or about March 6, 2023, S. WILLING sent a wire transfer to the WADEs in the amount of $359,250.00 for the purchase of dinosaur bone.

l. On or around October 10, 2022, the WADEs sold approximately 17,354 pounds of dinosaur bones to J. WILLING.

m. On or about October 10, 2022, D. WADE sent an email to an agent of J. WILLING which contained an invoice identifying the merchandise sold to J. WILLING to be dinosaur bones and showing the total amount due by J. WILLING to be $73,000.

n. On or around November 9, 2022, and again on or around November 14, 2022, J. WILLING through his companies made payments for dinosaur bones to the WADEs and began coordinating shipping the paleontological resources purchased from the WADEs to California and ultimately to China ("the December 2022 shipment").

o. To confirm the shipment, the WADEs sent pictures of the paleontological resources in the December 2022 shipment to J. WILLING through agents at his companies.

p. D. WADE and J. WILLING, through their companies, mislabeled the contents of the December 2022 shipment as "Construction stone" and "Moss Agate" instead of dinosaur bones, which the shipment rightly contained, and they falsely reported the value of the shipment to be only $8,491.08, not the $73,000.00 that J. WILLING paid to purchase the dinosaur bones.

q. On December 7, 2022, CBP agents spoke to D. WADE about the contents of the Conex container that contained the December 2022 shipment. An CBP agent asked D. WADE to describe the contents and she falsely reported that it was agate and a few pieces of jasper.

r. D. WADE falsely labeled the December 2022 shipment as "Agate Jasper Stone" in the Shipper's Export Declaration supplemental information form and falsely declared the same under criminal penalty of perjury.

Throughout the duration of the conspiracy, the WADEs sold and the WILLINGs purchased over $1,000,000 in paleontological resources that they knew or should have known had been excavated, removed, sold, purchased, exchanged, transported, and received from Federal land.

All in violation of 18 U.S.C. § 371 and 18 U.S.C. § 2(a) and (b).

## COUNT 2
16. U.S.C. 470aaa-5(a)
PALEONTOLOGICAL RESOURCES PRESERVATION ACT VIOLATION

28. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about the spring of 2021 in the District of Utah,

VINT WADE,

defendant herein, did knowingly sell and purchase and offer to sell and purchase a paleontological resource, to wit, fossils and dinosaur bones, having a value exceeding $500, which the defendant knew or should have known had been excavated, removed, transported, and received from Federal land of the United States.

All in violation of 16 U.S.C. § 470aaa-5(a) and 18 U.S.C. § 2.

## COUNT 3
16. U.S.C. 470aaa-5(a)
PALEONTOLOGICAL RESOURCES PRESERVATION ACT VIOLATION

29. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about June 16, 2021, in the District of Utah and elsewhere,

VINT WADE,
DONNA WADE, &
STEVEN WILLING,

defendants herein, aiding and abetting each other, did knowingly sell and purchase and offer to sell and purchase paleontological resources, to wit, approximately 28,000 pounds of fossils and dinosaur bones, having a value exceeding $500, which the defendants knew or should have known had been excavated, removed, transported, and received from Federal land of the United States.

All in violation of 16 U.S.C. § 470aaa-5(a) and 18 U.S.C. § 2.

## COUNT 4
16. U.S.C. 470aaa-5(a)
PALEONTOLOGICAL RESOURCES PRESERVATION ACT VIOLATION

27. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. Between on or about October 10, 2022, and continuing until December 8, 2022, in the District of Utah and elsewhere,

VINT WADE,
DONNA WADE,
STEVEN WILLING, &
JORDAN WILLING,

defendants herein, aiding and abetting each other, did knowingly sell and purchase and offer to sell and purchase, and did knowingly exchange, transport, export, and receive a paleontological

resource, to wit, approximately 17,354 pounds of dinosaur bones, having a value exceeding $500, which the defendants knew or should have known had been excavated removed, transported, and received from Federal land of the United States and in violation of the provisions, rules, regulations, laws, ordinances, and permits in effect under Federal land.

All in violation of 16 U.S.C. § 470aaa-5(a) and 18 U.S.C. § 2(a) and (b).

## COUNT 5
16 U.S.C. § 470aaa-5(b)
FALSE LABELING OFFENSES UNDER PRPA

28. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about November 9, 2022, in the District of Utah and elsewhere,

JORDAN WILLING,

defendant herein, made and submitted a false record, account, and label for, and a false identification of, a paleontological resource excavated and removed from Federal land, to wit: mislabeling a shipment of dinosaur bones to China as industrial stone and mislabeling the value of the shipment as $8,491.08, when he had paid $72,000.00 for the dinosaur bones in the shipment.

All in violation of 16 U.S.C. § 470aaa-5(b). and 18 U.S.C. § 2(b).

## COUNT 6
16 U.S.C. § 470aaa-5(b)
FALSE LABELING OFFENSES UNDER PRPA

29. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about November 9, 2022, in the District of Utah and elsewhere,

DONNA WADE,

defendant herein, made and submitted a false record, account, and label for, and a false identification of, a paleontological resource excavated and removed from Federal land, to wit: mislabeling a shipment of dinosaur bones to China as agate jasper stone.

All in violation of 16 U.S.C. § 470aaa-5(b) and 18 U.S.C §2(b).

## COUNT 7
18 U.S.C. § 641
THEFT OF PROPERTY OF THE UNITED STATES

30. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about October 10, 2022, through December 7, 2022, within the District of Utah and elsewhere

VINT WADE,
DONNA WADE,
STEVEN WILLING, &
JORDAN WILLING,

defendants herein, did attempt to receive, conceal, and retain property of the United States with intent to convert it to their use and gain, knowing it to have been embezzled, stolen, purloined, and converted from the United States or of any department or agency thereof, having a value of $1,000 or more, and aided and abetted each other in the same, to wit: approximately 17,354 pounds of dinosaur bones taken from Federal land.

All in violation of 18 U.S.C. § 641, and 18 U.S.C. § 2(a) and 2(b).

## COUNT 8
18 U.S.C. § 554
ATTEMPTED SMUGGLING OF GOODS FROM THE UNITED STATES

31. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. Between on or about October 10, 2022 continuing until December 8, 2022, in the District of Utah and elsewhere,

VINT WADE,
DONNA WADE, &
JORDAN WILLING,

defendants herein, aiding and abetting each other, did willfully and knowingly attempt to export and send from the United States, merchandise, articles, and objects, knowing said merchandise to be intended for exportation contrary to any law and regulation of the United States, to wit: paleontological resources, in violation of 18 U.S.C. § 1001, 18 U.S.C. § 641, 16 U.S.C. § 470aaa-5(a) and (5)(b), and 18 U.S.C. § 371.

All in violation of 18 U.S.C. § 554 and 18 U.S.C. § 2(a) and 2(b).

## COUNT 9
### 13 U.S.C. § 305
### FALSE EXPORT INFORMATION

32. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about November 9, 2022, in the District of Utah and elsewhere,

VINT WADE,
DONNA WADE, &
JORDAN WILLING,

defendants herein, knowingly caused, and aided and abetted the causing of, the submission of false and misleading export information through a Shippers Export Declaration (SED) and the Automated Export System (AES), stating that the content of the shipment was stoneware, rather than, dinosaur bones, which the shipment rightly contained.

All in violation of 13 U.S.C. § 305 and 18 U.S.C. § 2(a) and 2(b).

## COUNT 10
18 U.S.C. § 1001
FALSE DECLARATION TO FEDERAL AGENTS

33. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about December 7, 2022, in the District of Utah and elsewhere,

DONNA WADE,

defendant herein, did knowingly and willfully make and use a false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry in a matter within the jurisdiction of the Executive Branch of the government of the United States, by affirmatively declaring in a Shipper's Export Declaration supplemental information form that the commodity to be exported in the December 2022 Shipment to China was "Agate Jasper Stone." The declaration, document, and writing was false because, as defendant D. WADE then and there knew, the December 2022 Shipment to China did not contain Agate Jasper Stone, but rather, dinosaur bone.

All in violation of 18 U.S.C. § 1001.

## COUNT 11
18 U.S.C. § 1957
MONEY LAUNDERING

34. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about May 18, 2021, in the District of Utah and elsewhere,

VINT WADE &
DONNA WADE,

defendants herein, aiding and abetting each other, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign

commerce, in criminally derived property of a value greater than $10,000.00, that is the transfer of $78,127.02 in funds from Mountain America Credit Union account x4724 for the purchase of a 2023 Forest River Rockwood Travel Trailer, such property having been derived from a specified unlawful activity, that is Theft of Property of the United States in violation of 18 U.S.C. § 641 and Smuggling Goods from the United States in violation of 18 U.S.C. § 554.

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(a).

## COUNT 12
### 18 U.S.C. § 1957
### MONEY LAUNDERING

35. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about December 21, 2021, in the District of Utah and elsewhere,

**VINT WADE &
DONNA WADE,**

defendants herein, aiding and abetting each other, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is a transfer of $58,000.00 in funds by a cashier's check from Mountain America Credit Union account x4724, to LPL Financial LLC for an American General Life Insurance's Simplified Employee Pension Policy, such property having been derived from a specified unlawful activity, that is Theft of Property of the United States in violation of 18 U.S.C. § 641 and Smuggling Goods from the United States in violation of 18 U.S.C. § 554.

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(a).

## COUNT 13
### 18 U.S.C. § 1957
### MONEY LAUNDERING

36. All the factual allegations in this Indictment are hereby re-alleged and reincorporated as if fully set forth herein. On or about June 22, 2022, in the District of Utah and elsewhere,

### VINT WADE &
### DONNA WADE,

defendants herein, aiding and abetting each other, did knowingly engage and attempt to engage in a monetary transaction by through and to a financial institution, affecting interstate or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is the transfer of $25,280.99 in funds by a personal check from Mountain America Credit Union account x4724 for the purchase of a 2022 Chevrolet Silverado (High Country), such property having been derived from a specified unlawful activity, that is Theft of Property of the United States in violation of 18 U.S.C. § 641, and Smuggling Goods from the United States in violation of 18 U.S.C. § 554.

All in violation of 18 U.S.C. § 1957 and 18 U.S.C. § 2(a).

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 16 U.S.C. § 470aaa-7, upon conviction of any offense violating 16 U.S.C. § 470aaa-5, or a conspiracy to commit the same, the defendants shall forfeit to the United States of America all paleontological resources with respect to which a violation under section 470aaa–5 of this title occurred, and which are in the possession of any person.

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any offense violating 18 U.S.C. §§ 554 or 641, or a conspiracy to commit the same, the defendants

shall forfeit to the United States of America any property, real or personal, that constitutes or is derived from proceeds traceable to the offense including:

- $404,470.50 seized from Mountain America Credit Union checking and savings accounts ending in x4724 in the name of the WADEs;
- All funds and holdings associated with American General Life Insurance's Simplified Employee Pension Policy Contract Number: 8AC07902 for D. WADE and LPL Financial LLC, Account Number: 1855-1858;
- 2022 Chevrolet Silverado 3500, VIN: 2GC4YVEY2N1218877; and
- 2023 Forest River Rockwood Travel Trailer, Model 8337RL, VIN: 4X4TRLN23P1903563.
- $30,079.46 in cash seized on January 10, 2023 from the WADEs.

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18 U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or personal, involved in such violations, and any property traceable to such property including:

- All funds and holdings associated with American General Life Insurance's Simplified Employee Pension Policy Contract Number: 8AC07902 for D. WADE and LPL Financial LLC, Account Number: 1855-1858;
- 2022 Chevrolet Silverado 3500, VIN: 2GC4YVEY2N1218877; and
- 2023 Forest River Rockwood Trailer, Model 8337RL, VIN: 4X4TRLN23P1903563.

The United States may seek a money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

The United States may seek to forfeit substitute property as allowed by 21 U.S.C. § 853(p).

**GRAND JURY'S PROBABLE CAUSE FINDING REGARDING FORFEITURE**

The grand jury finds probable cause to believe that:

1) V. WADE and D. WADE have committed the crimes specified in the above forfeiture notice;

2) The following property is a) constituted or derived from proceeds traceable to Theft of Property of the United States in Count 7, or the conspiracy to commit the same in Count 1, or b) involved in the money laundering alleged in Counts 11, 12, or 13, or is traceable to such property; and

3) In the event of V. WADE or D. WADE's conviction, such property would be subject to forfeiture:

- All funds and holdings associated with American General Life Insurance's Simplified Employee Pension Policy Contract Number: 8AC07902 for D. WADE and LPL Financial LLC, Account Number: 1855-1858

A TRUE BILL:

/s/
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

*Ruth Hackford-Peer*
RUTH HACKFORD-PEER
MELINA SHIRALDI
Assistant United States Attorneys